UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KINDRA MARIE GAGNE,

                Plaintiff,

v.                                                    1:16-CV-1311
                                                    (GTS/WBC)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

LEGAL AID SOCIETY OF N.E. NEW YORK      MARY MARTHA WITHINGTON, ESQ.
  Counsel for Plaintiff
40 New Street
Saratoga Springs, New York 12866

SOCIAL SECURITY ADMINISTRATION         KRISTINA D. COHN, ESQ.
OFFICE OF GEN'L COUNSEL–REGION II      Special Assistant U.S. Attorney
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

        Currently before the Court, in this Social Security action filed by Kindra Marie Gagne ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "Commissioner") pursuant to 42 U.S.C. § 405(g), are (1) the Report-Recommendation of United States Magistrate Judge William B. Mitchell Carter recommending that the Commissioner's decision be affirmed and that Plaintiff's Complaint be dismissed, and (2) Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 11, 12.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety.

I.   **RELEVANT BACKGROUND**

   A.   **Magistrate Judge Carter's Report-Recommendation**

Generally, in his Report-Recommendation, Magistrate Judge Carter rendered the following findings of fact and conclusions of law: (1) the Administrative Law Judge ("ALJ") did not err in his Step Three determination because, *inter alia*, (a) the ALJ properly concluded that Plaintiff had moderate restrictions in activities of daily living based on the medical evidence, (b) the ALJ's determination that Plaintiff had moderate limitations in social functioning was supported by substantial evidence, and (c) setting aside the fact that the ALJ did not "dismiss" the opinions of Dr. Sung Hyon, M.D., and Dr. Thomas Osika, Ph.D., the fact remains that neither opinion pertained to whether or not Plaintiff's impairment may meet or equal a Listing but to Plaintiff's ultimate ability to work (which finding is reserved to the Commissioner); and (2) the ALJ did not err in his residual functioning capacity ("RFC") determination because, *inter alia*, (a) he gave appropriate weight to the opinions of Drs. Hyon and Osika based on the evidence and law, (b) he properly assessed Plaintiff's credibility under the governing legal standard, and (c) he properly considered the combined effects of Plaintiff's mental and physical impairments.  (Dkt. No. 11, at Part IV.)

   B.   **Plaintiff's Objections to the Report-Recommendation**

Generally, liberally construed, Plaintiff's Objections to the Report-Recommendation assert the following three arguments: (1) that the medical evidence of record and testimony of Plaintiff support a finding that her mental impairments in combination meet or equal the Listings found that Sections 12.04 (for Affective Disorders) and 12.06 (for Anxiety Related Disorders); (2) that the evidence of record supports a finding that Plaintiff's RFC is so compromised by her mental and physical impairments that she is unable to engage in substantial gainful activity at

any exertional level; and (3) that the little weight provided by the ALJ to the opinions of Drs. Hyon and Osika constitutes legal error and undermines a finding that substantial evidence supports a denial. (Dkt. No. 12, at "Argument.")

## II.    APPLICABLE LEGAL STANDARDS

### A.    Standard of Review of Magistrate Judge Carter's Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have

---

[1]    *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]    *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf.*

been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.³ Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

*U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

   ³   *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or

subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*[4]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

### B.   Standard Governing Judicial Review of Defendant's Decision

In Part III.A. of his Report-Recommendation, Magistrate Judge Carter correctly recited the legal standard governing judicial review of Defendant's decision.  (Dkt. No. 11, at Part III.A.)  As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

### III.  ANALYSIS

As a threshold matter, the Court finds that Plaintiff's Objections (even when liberally construed) are merely reiterations of arguments previously asserted in her underlying brief.  (*Compare* Dkt. No. 12, at "Argument" [Plf.'s Obj.] *with* Dkt. No. 9, at Parts I-III [Plf.'s Brief].)

---

Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]   *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

More specifically, in her underlying brief, Plaintiff asserted the following three arguments: (1) that the ALJ committed reversible error by failing to find Plaintiff's depression, anxiety, post-traumatic stress disorder, and attention deficit disorder meet or equal the Listings at Section 12.04 (for Affective Disorders) and Section 12.06 (for Anxiety Disorders); (2) that ALJ committed reversible error by finding Plaintiff has the RFC to perform light work despite her chronic low back pain, progressive idiopathic neuropathy, headaches, and chronic fatigue in combination with her mental health impairments; and (3) that the ALJ's findings are not supported by substantial evidence because of (a) the ALJ's failure to properly weigh the opinions of Drs. Hyon and Osika, Plaintiff's complaints of chronic low back pain, progressive idiopathic neuropathy, headaches, and chronic fatigue, and (b) the ALJ's failure to properly consider the combined effects of Plaintiff's physical and mental impairments. (Dkt. No. 9, at Parts I-III.)

As a result, the "challenged" portions of the Report-Recommendation are entitled to only a clear-error review (*see, supra,* Part II.A. of this Decision and Order), which they easily survive for the reasons stated in the Report-Recommendation.

In the alternative, even if the "challenged" portions of the Report-Recommendation were entitled to a de novo review, the Court would find that those portions survive that review for the reasons stated in the Report-Recommendation and Defendant's underlying brief. (Dkt. Nos. 10, 11.) Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*)

For all of these reasons, the Court accepts and adopts the Report-Recommendation in its entirety.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report-Recommendation (Dkt. No. 11) is

**ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's decision denying Social Security benefits is

**AFFIRMED**, and Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: January 9, 2018
Syracuse, New York

HON. GLENN T. SUDDABY
Chief United States District Judge